

SO ORDERED,

**Judge Katharine M. Samson**
**United States Bankruptcy Judge**
**Date Signed: July 25, 2023**

The Order of the Court is set forth below. The docket reflects the date entered.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**

| | |
|---|---|
| IN RE: SEAN RENE MICHAEL BURDETTE | CASE NO. 22-51165-KMS |
| DEBTOR | CHAPTER 13 |

**OPINION AND ORDER**
**OVERRULING OBJECTION TO EXEMPTIONS AND**
**REQUIRING HEARING ON OBJECTION TO CONFIRMATION**

This matter came on for hearing sua sponte on a proposed order presented by judgment lien creditor Hajoca Corporation, agreed to by Debtor Sean Rene Michael Burdette. *See* ECF No. 70 ("Proposed Agreed Order" or "Order"). This proceeding is core under 28 U.S.C. § 157(b)(2)(B) and (L).

The Proposed Agreed Order would resolve Hajoca's Objection to Confirmation of the chapter 13 Plan and its Objection to Exemptions. As to the exemptions, the Proposed Agreed Order would have this Court "find" that (1) Burdette waived all rights of exemption when he signed the promissory note on which the judgment is based and (2) as a result, Hajoca's judgment lien attached to the real and personal property that Burdette has claimed exempt in this case. ECF No. 70 at 2.

At the close of the hearing, the Court asked for briefs on the validity of a debtor's waiver of exemptions under both the Bankruptcy Code and Mississippi law.[1] Hajoca argues that the Order conforms to applicable law. But the cases Hajoca cites and other authorities support the opposite conclusion.

The Proposed Agreed Order is therefore not approved. The Objection to Exemptions is overruled, and the Objection to Confirmation in all its iterations will be set for hearing. *See* ECF No. 28 (Objection to Confirmation of Plan, as Amended); ECF Nos. 45, 46 (Joint Objection to Debtor's Claimed Exemptions and Supplemental Objection to Confirmation of Plan, as Amended); ECF No. 59 (Joint Objection to Debtor's Claimed Exemptions and Supplemental Objection to Confirmation of Plan, as Amended and Modified).

## FACTS

### I. Debt

In November 2020, Hajoca contracted with Burdette, a self-employed handyman, ECF No. 18 at 25, to repair the roof at one of its business locations. ECF No. 74 at 1. Burdette estimated $22,750 to do the job. *Id.* Hajoca made a $9100 down payment, the balance to be paid when the work was completed. *Id.* Burdette did not perform any of the contracted-for repairs and did not return Hajoca's down payment. *Id.*

Hajoca sued Burdette in state court, alleging breach of contract, unjust enrichment, fraud, fraud in the inducement, negligent and/or intentional misrepresentations, and bad faith failure to

---

[1] Hajoca timely filed its brief. Burdette filed two weeks out of time, without explaining why. The court may in its discretion accept an untimely filed brief on a showing of excusable neglect. *See* Fed. R. Bankr. P. 9006(b)(1). Here, there was no such showing, and Burdette's brief was not considered. *See Slaughter v. S. Talc Co.*, 919 F.2d 304, 307 (5th Cir. 1990) ("Absent an affirmative showing of excusable neglect, a trial court does not abuse its discretion in refusing an untimely proffer." (ruling under F.R.C.P. 6(b))).

act. ECF No. 74-1 at 4-7. The complaint sought compensatory and punitive damages, attorney's fees, expenses, and costs. *Id.* at 8.

Ultimately, the parties settled. The settlement was reduced to a consent judgment, under which Burdette agreed to pay Hajoca $14,000 at $750 a month. ECF No. 74 at 2, ECF No. 74-2 at 1.

To make the monthly payments, Burdette signed the Promissory Note, on which Hajoca bases its Objection to Exemptions. The Promissory Note includes this sentence: "Each Maker . . . waives the right of exemption under the Constitution and laws of Mississippi and of any other jurisdiction." ECF No. 74-3 at 2.

Burdette defaulted on the Promissory Note, after which the state court rendered the Amended and Final Judgment ("Judgment"), ECF No. 74-4. The Judgment explicitly recites the Promissory Note's payment terms, *id.* ¶ 2; contractual consequences of default, *id.* ¶ 5; amount of principal and interest due and the rate at which the interest would accrue, *id.* ¶ 6; and Hajoca's contractual right to attorney's fees, *id.* ¶ 7. It does not recite the Promissory Note's waiver of Burdette's exemption rights.

**II. Hajoca's Claim, Objection to Exemptions, and Objection to Confirmation**

Approximately four months after the Judgment was entered, Burdette filed this chapter 13 case. *See* ECF No. 1. Hajoca filed a proof of claim for a $22,987.91 debt secured by a judgment lien against all Burdette's real and personal property. Cl. No. 7-1 at 2. Burdette scheduled the debt as $22,000 and unsecured. ECF No. 18 at 18. And he claimed these exemptions under Mississippi law:[2] $75,000 in his home, worth $180,000 and on which he owes approximately $103,000 under

---

[2] Mississippi's state-law exemptions apply in bankruptcy because Mississippi opted out of the federal exemption scheme. *See* 11 U.S.C. § 522(b)(2) (providing for exemptions listed in the Bankruptcy Code unless not authorized by applicable state law); Miss. Code Ann. § 85-3-2 (federal exemptions prohibited).

Page 3 of 11

his mortgage, ECF No. 18 at 9, Cl. No.17-1 at 2; $2300 in various items of personal property, ECF No. 18 at 9-10; and $1200 in his retirement plan, *id.* at 10.

Hajoca objected to all these exemptions based on the waiver of exemptions in the Promissory Note. ECF No. 59 at 1. And it objected to the treatment of its debt in the Plan, which does not provide for the Judgment as a secured claim. *Id.* at 4; Am. Plan, ECF No. 55 at 2-5. Hajoca further objected that even if its claim were a general unsecured claim, the Plan does not meet the best-interests-of-creditors test, which requires that each general unsecured claimant be paid as much under the plan as it would receive in a chapter 7 liquidation. ECF No. 59 at 5 (citing 11 U.S.C. § 1325(a)(4)). These defects, according to Hajoca, show that the Plan was not proposed in good faith. *Id.* at 6 (citing 11 U.S.C. § 1325(a)(3), (7)).

The objections were not heard. Instead, Hajoca filed the Proposed Agreed Order, by which Burdette agreed to pay 10% of the amount of Hajoca's claim through the plan. ECF No. 70 at 2. Burdette also agreed that the remaining 90% of the claim "shall remain permanently secured in the real and tangible personal property of the Debtor, shall survive the Debtor's Chapter 13 case, shall not be impaired by the Debtor's Chapter 13 case and the Debtor shall not receive a discharge therefrom." *Id.* at 2-3.

The Order also included these judicial rulings, referencing the Promissory Note's waiver of exemptions: "The Court finds this written waiver of the Debtor's exemptions to be valid, enforceable and binding on the Debtor" and "Debtor's exempt property is subject to HAJOCA's valid judgment lien, which itself is founded on the Promissory Note which contains a written waiver of exemptions in favor of HAJOCA, hence, HAJOCA's judgment lien applies to that real and personal property . . . which the Debtor claims as exempt." *Id.* at 2.

Believing these proposed rulings to be contrary to law, the Court set the Proposed Agreed Order for hearing. At the hearing, the chapter 13 Trustee stated that the Order had been submitted to his office as well and that he also had "refused to sign [it]." Oral Arg. at 10:14:39-:53 (Mar. 16, 2023).

## LAW

The Objection to Exemptions raises two questions:[3]

(1) Is the waiver of exemptions both valid under Mississippi law and consistent with the Bankruptcy Code?

(2) If yes, does the Judgment retain the Promissory Note's waiver provision?

The second question need not be answered, because the waiver is invalid under Mississippi law and contrary to the Bankruptcy Code.

**I. The Promissory Note's Waiver of Exemptions Is Invalid Under Mississippi Law.**

"Waiver" means "[t]he voluntary relinquishment or abandonment—express or implied—of a legal right or advantage." *Waiver*, *Black's Law Dictionary* (11th ed. 2019). "There is a general presumption against the finding of a waiver, and the party asserting the waiver bears a heavy burden of proof." *Estate of Darby v. Stinson*, 68 So. 3d 702, 707 (Miss. Ct. App. 2011) (citing *Walker v. J.C. Bradford & Co.*, 938 F.2d 575, 577 (5th Cir. 1991)). Hajoca has not carried that burden.

Hajoca argues that the waiver in the Promissory Note is valid and enforceable under Mississippi law. But this argument is fatally flawed in two ways. First, Hajoca misunderstands Mississippi Supreme Court precedent, under which a waiver of exemptions in a promissory note

---

[3] Only the Objection to Exemptions is resolved. The Objection to Confirmation will be heard on separate notice.

is void. Second, Hajoca relies on a decision from the Mississippi Court of Appeals that seems to conflict with that precedent.

      A. Waiver of Exemptions in a Promissory Note is Void Under *Teague v. Weeks*.

Hajoca acknowledges "there is authority" that a waiver of homestead and personal property exemptions is invalid under Mississippi law but asserts that "this authority is limited to executory contracts." ECF No. 74 at 6. In support, Hajoca cites *Teague v. Weeks*, 42 So. 172 (Miss. 1906), the seminal Mississippi case on the invalidity of a debtor's waiver of exemptions, and quotes authority that the Mississippi Supreme Court cited in that case: "It is a general rule that a debtor's waiver of his exemption rights ***by stipulation of an executory contract*** is absolutely void." ECF No. 74 at 6 (Hajoca's emphasis) (quoting 18 Cyc., 1450). Cases decided over the next few decades confirm that *Teague* stands for that very proposition. *See Hartfield v. Anderson*, 126 So. 830, 831 (Miss. 1930) ("[Teague] simply upholds the rule that the exemptionist cannot in advance by an executory contract waive his exemption rights . . . ."); *Adkinson & Bacot Co. v. Varnado*, 47 So. 113, 116 (Miss. 1908) (Mayes, J., dissenting) ("[In *Teague*], this court held that an executory contract of a debtor to waive exemptions allowed by law was void as against public policy."). More recently, the Florida Supreme Court, citing *Teague*, included Mississippi among "the majority of jurisdictions" that "do not permit a general waiver of homestead or personal property exemptions in an executory contract." *Chames v. DeMayo*, 972 So. 2d 850, 857 & n.3 (Fla. 2007).

Under bankruptcy law, an "executory contract" is "a contract that neither party has finished performing." *Mission Prod. Holdings, Inc. v. Tempnology, LLC*, 139 S. Ct. 1652, 1657 (2019) (defining executory contract in context of 11 U.S.C. § 365(a), which authorizes trustee to assume or reject debtor's "executory contracts"). Also under bankruptcy law, a promissory note is not an

executory contract. *See Wootton v. Young Fam. Tr. (In re Dixon)*, 990 F.2d 626, at *3 (5th Cir. 1993) ("a promissory note is not an 'executory' contract within the meaning of § 365(a)").

Applying bankruptcy law, Hajoca argues that *Teague* does not mean Burdette's waiver is invalid, because *Teague* invalidates waivers only in executory contracts, and a promissory note is not an executory contract. ECF No. 74 at 6-8. But this argument ignores *Teague*'s facts. There, as here, the debt was an otherwise-unsecured promissory note. *See* 42 So. at 172 ("The method by which it was intended to secure the note is simply the waiver of the [personal property] exemption . . . .").

So how to reconcile *Teague*'s rule, that a debtor's waiver of exemptions in an executory contract is void, with a definition of "executory contract" that excludes the promissory note in *Teague*'s facts? The short answer is that *Teague* was not a bankruptcy case, and "executory contract" as used by the Mississippi Supreme Court in *Teague* does not have the same meaning as "executory contract" in bankruptcy.

The meaning of "executory contract" in bankruptcy "is much narrower than the commonly understood meaning outside of bankruptcy." 31 *Williston on Contracts* § 78:38 (4th ed.), Westlaw (database updated May 2023). "In a general sense, as long as any part of a contract remains unperformed, the contract is executory." *Jenson v. Cont'l Fin. Corp.*, 591 F.2d 477, 481 (8th Cir. 1979). "In this traditional sense, a contract is either executory or it is fully performed, in which case it is history." *In re Norquist*, 43 B.R. 224, 225 (Bankr. E.D. Wash. 1984); *see also Comsult LLC v. Girdwood Mining Co.*, 397 P.3d 318, 321 (Alaska 2017) (defining executory contract as one that "has not as yet been fully completed or performed"); *Haik v. Sandy City*, 254 P.3d 171, 177 (Utah 2011) ("The Agreement of Sale is ambiguous as to whether it was executory or whether it was fully performed."); *Mitchell Bank v. Schanke*, 676 N.W.2d 849, 857 (Wis. 2004) ("An

executory contract is one in which the parties have bound themselves to future activity that is not yet completed, while an executed contract is one in which all promises have been fulfilled and nothing remains to be done.").

In *Teague*, the Mississippi Supreme Court applied the traditional, nonbankruptcy definition of "executory contract" to hold that the waiver of exemptions in a promissory note was void. Consequently, under *Teague*, the waiver here is void.

      B. *Teague v. Weeks* Is Mandatory Authority on Waiver in a Promissory Note.

Hajoca asserts that "the appellate courts in Mississippi have allowed for written waivers of exemptions, including the homestead exemption, if the waiving party is 'informed.'" ECF No. 74 at 7. In support, Hajoca cites *Estate of Darby v. Stinson*, 68 So. 3d 702, 708 (Miss. Ct. App. 2011). There, the Court of Appeals addressed whether the daughter of a deceased Medicaid recipient waived her father's right to homestead exemption when she signed on his behalf the contract under which Medicaid paid for his nursing home care. *Id.* at 703-04. Without citing *Teague*, the Court of Appeals held that the exemption had not been waived, because the contract did not inform Darby of his right to homestead exemption or the significance of waiving the right. *Id.* at 707-08.

Hajoca argues that the Promissory Note was informative enough to effect a valid and enforceable waiver under *Darby*. ECF No. 74 at 8. But even if Hajoca is correct, *Darby* is not controlling, as the Mississippi Court of Appeals itself would recognize. *See Bevis v. Linkous Constr. Co.*, 856 So. 2d 535, 541 (Miss. Ct. App. 2003) ("This Court, sitting as an intermediate appellate court, is bound by established precedent as set out by the Mississippi Supreme Court and

we do not have the authority to overrule the decisions of that court."). *Teague* is mandatory authority, and under *Teague*, the waiver here is void.[4]

## II. The Bankruptcy Code Invalidates Exemption Waivers as to Unsecured Debts and Judgment Liens.

The bankruptcy court has an independent duty not to approve a consent order it believes is contrary to the Bankruptcy Code. *In re Miller*, 344 B.R. 769, 771 (Bankr. W.D. Va. 2006). The Proposed Agreed Order is contrary to the Code in its ruling that Burdette's exempt property is subject to Hajoca's judgment lien.

"The term 'lien' means charge against or interest in property to secure payment of a debt or performance of an obligation." 11 U.S.C. § 101(37). "The term 'judicial lien' means lien obtained by judgment . . . or other legal or equitable process or proceeding." 11 U.S.C. § 101(36).

Under the canons of statutory interpretation, courts "start with the plain text and read all parts of the statute together to produce a harmonious whole." *Doe v. KPMG, LLP*, 398 F.3d 686, 688 (5th Cir. 2005). Here, the complementary Code provisions are 11 U.S.C. § 522(e) and (f). These two subsections prevent unsecured creditors and judicial lien creditors from reaching a debtor's exempt property. Section 522(e) invalidates a debtor's waiver of exemptions as to an unsecured creditor. *See* 11 U.S.C. § 522(e) ("A waiver of an exemption executed in favor of a creditor that holds an unsecured claim against the debtor is unenforceable in a case under this title with respect to such claim against property that the debtor may exempt . . . ."). Section 522(f), as applicable here, permits a debtor to avoid the fixing of a judicial lien on exempt property to the extent the lien impairs the exemption. *See* 11 U.S.C. § 522(f)(1)(a) ("Notwithstanding any waiver

---

[4] In the wake of *Darby*, the Mississippi Attorney General's office stated that in its opinion, "the homestead exemption cannot be waived" and that to allow waiver "would defeat the public policy purposes of the [homestead exemption] statute." Re: Applications for Medicaid, Op. No. 2015-00304, 2015 WL 9851389, at *2 (Miss. Att'y Gen. 2015).

of exemptions . . . the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled . . . if such lien is . . . a judicial lien . . . .").

Hajoca argues that § 522(e) does not apply, because Hajoca does not hold an unsecured claim. ECF No. 74 at 8. But Hajoca's argument is at odds with the legislative history and purpose of § 522(e) and (f). "What specific legislative history exists suggests that a principal reason Congress singled out judicial liens was because they are a device commonly used by creditors to defeat the protection bankruptcy law accords exempt property against debts." *Farrey v. Sanderfoot*, 500 U.S. 291, 297 (1991). Accordingly, when an unsecured creditor has taken a judgment, the debtor may use § 522(f) to relegate that creditor to the unsecured class. *See Tower Loan of Miss., Inc. v. Maddox (In re Maddox)*, 15 F.3d 1347, 1353 (5th Cir. 1994) ("The putative secured creditor drops into the unsecured creditor class . . . .").[5]

Given this history and purpose, reading § 522(e) and (f) together results in viewing a judicial lienholder as a "creditor that holds an unsecured claim" for purposes of § 522(e). *In re D'Italia*, 507 B.R. 769, 774 (Bankr. D. Mass. 2014). There, the court concluded that § 522 "prevent[s] a general unsecured creditor from elevating its status to that of a consensual lienholder simply by obtaining a judicial lien and a waiver of . . . an exemption." *Id.* at 774-75. Likewise, Hajoca cannot use a judicial lien and a waiver to elevate its status. *Cf. Thompson v. Unruh (In re Thompson)*, 240 B.R. 776, 781 (B.A.P. 10th Cir. 1999) (holding that consensual lien is not transformed into judicial lien "[j]ust because a creditor resorts to the judicial process to enforce the lien").

---

[5] Burdette has not sought to avoid Hajoca's judgment lien under § 522(f).

Page **10** of **11**

The *D'Italia* court held that the debtor's waiver of homestead rights in a prepetition guaranty agreement was unenforceable in the bankruptcy case. 507 B.R. at 771, 775. So also here as to the waiver in the Promissory Note.

"A fundamental component of an individual debtor's fresh start in bankruptcy is the debtor's ability to set aside certain property as exempt from the claims of creditors." *In re Harris*, 606 B.R. 271, 274 (Bankr. S.D. Miss. 2019) (quoting *In re Urban*, 361 B.R. 910, 913 (Bankr. D. Mont. 2007)). This "fundamental component" would be subverted by ruling that Burdette's exempt property is subject to Hajoca's judgment lien.

## ORDER

Burdette's waiver of exemptions is unenforceable under both Mississippi law and the Bankruptcy Code. The Objection to Exemptions is therefore **ORDERED OVERRULED**; and

**FURTHER ORDERED** that the Objection to Confirmation be set for hearing.

##END##